FILED

JUN 29 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO GUERREO-ALVARADO, | Civ. No. 14-1416GT |
| Petitioner, | Cr. No. 13-1667GT |
| v. | **ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

On June 30, 2014, Petitioner, Armando Guerreo-Alvarado ("Mr. Guerreo"), filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). Mr. Guerreo states that he has discovered a new law which would allow him to apply for U.S. citizenship. The Court has fully considered this matter, including a review of the case file, the briefs submitted, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Guerreo's Motion is **DENIED**.

First, Mr. Guerreo pled guilty, pursuant to a written plea agreement, to one count of Attempted Reentry After Deportation, in violation of 8 U.S.C. § 1326(a) and (b). In the written plea agreement, Mr. Guerreo explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea

agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Guerreo expressly waived his statutory right to appeal or collaterally attack his conviction and sentence in his plea agreement, Mr. Guerreo is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Second, the issue of whether or not Mr. Guerreo had derivative citizenship through his father was already investigated during the course of the proceedings. In fact, on December 18, 2013, Mr. Guerreo filed a Motion to Withdraw his Guilty Plea based on a possible claim of derivative citizenship. However, on February 26, 2014, his Motion to Withdraw his Guilty Plea was withdrawn because defense counsel determined he was not eligible for derivative citizenship. Additionally, there is no evidence in the record or in Mr. Guerro's brief that shows he may have a claim to derivative citizenship. Hence, even if Mr. Guerreo was not precluded from collaterally attacking his conviction and sentence, his claim would still be denied. Accordingly,

**IT IS ORDERED** that Mr. Guerreo's Motion is **DENIED.**

**IT IS SO ORDERED.**

June 24, 2015
date

GORDON THOMPSON, JR.
United States District Judge

cc: All parties with or without counsel